**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1052
_____

ANTONIO JENKINS,
Appellant

v.

DARYLE YOUNG; JOHN J. LANGAN, JR., individually, and in his official
capacity as Judge in the Superior Court of NEW JERSEY LAW DIVISION - CIVIL
PART BERGEN COUNTY; JAMES E. DOW, JR., individually, and in his official
capacity as Judge in the Englewood City Municipal Court in The State of New
Jersey; JUDGE JOSE L. FUENTES; JUDGE ELLEN KOBLITZ;
JUDGE MICHAEL J. HAAS, individually, in their official capacity as Judges in
in the Appellate Division of the Superior Court of New Jersey;
JUDGE JAYNEE LAVECCHIA, individually and in her official capacity as Judge
in the SUPREME COURT of New Jersey; THE STATE OF NEW JERSEY,
Department of Law and Public Safety Office; JEFFREY S. CHIESA,
OFFICE OF THE ATTORNEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-13-cv-02466)
District Judge:  Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 21, 2015
Before:  FISHER, KRAUSE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: August 24, 2015)

_____

OPINION\*

_____

PER CURIAM

Antonio Jenkins appeals the District Court's order, which granted Appellee

Young's motion to dismiss and denied Jenkins's motion for reconsideration of an earlier

order granting the other Appellees' motions to dismiss. For the reasons below, we will

affirm the District Court's order.

The procedural history of this case and the details of Jenkins's claims are well

known to the parties, set forth in the District Court's thorough opinion, and need not be

discussed at length. Briefly, Young, the former principal at a school where Jenkins had

been a teacher,[1] filed a police report against Jenkins for harassment. Jenkins countered

by filing a charge that Young had filed a false police report. Appellee Judge Dow

dismissed both sets of charges. Jenkins brought claims of defamation against Young in

another suit in New Jersey state court. A jury determined that Jenkins failed to prove that

Young's statements to police were defamation. See Jenkins v. Young, No. A-3419-10T1,

2012 WL 2030125, at \*2 (N.J. Super. Ct. App. Div. June 7, 2012). Jenkins filed an

unsuccessful appeal, and the Supreme Court of New Jersey denied his petition for

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] Young had previously brought discipline charges against Jenkins for refusing to allow
five second-grade students to use the restroom, causing them to wet themselves. An

2

certification. In his complaint filed in the District Court, Jenkins reasserted his state court claims against Young and argued that the New Jersey state court judges involved in his cases violated his constitutional rights. The District Court granted the Appellees' motions to dismiss, determining that the judges were entitled to judicial immunity and that res judicata barred his claims against Young.[2] Jenkins appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's order de novo. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000). Jenkins argues that Appellees are not protected by immunity because they improperly used the New York arbitrator's opinion as evidence at trial and put the burden of proof on him for his defamation claims. We agree with the District Court that the Judicial Appellees and Appellee Judge Dow were entitled to judicial immunity from Jenkins's claims for monetary damages. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (judges not civilly liable for judicial acts). Their actions in handling and adjudicating Jenkins's state court cases were clearly judicial acts. Id. at 362.

Jenkins also requested that the Judicial Appellees be directed to enter judgment in his favor, grant him a new trial, prosecute Appellee Young, and release all those who have been found guilty of lying to the police. To the extent Jenkins sought District Court review and invalidation of the New Jersey state courts' decisions, the District Court

---

arbitrator found Jenkins culpable of the charges.

[2] As noted by the District Court, Jenkins did not make any claims against the State of New Jersey and Jeffrey Chiesa in his complaint.

lacked jurisdiction under the Rooker-Feldman doctrine.[3]  No citizen has an enforceable

right to insist on the initialization of criminal proceedings.  Linda R.S. v. Richard D., 410

U.S. 614, 619 (1973).  As a layman in a civil action, Jenkins cannot litigate a habeas

claim requesting the release of a third party.  See Preiser v. Rodriguez, 411 U.S. 475, 500

(1973) (writ of habeas corpus is the sole remedy when release from imprisonment is

sought); cf. Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) (non-

lawyer parent cannot represent interests of his children).

We agree with the District Court that Jenkins's claims against Young are barred

by res judicata.  This doctrine bars claims that have been or could have been litigated in a

prior case between the same parties and based on the same set of facts.  See Blunt v.

Lower Merion Sch. Dist., 767 F.3d 247, 276-77 (3d Cir. 2014).  The New Jersey state

court case involved a final judgment on the merits involving the same parties and the

same basis of facts as Jenkins's current claims against Young.[4]  Moreover, the Appellate

---

[3] The Rooker-Feldman doctrine deprives a District Court of jurisdiction to review, directly or indirectly, a state court adjudication.  See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  The Supreme Court has explained that this doctrine is narrow and confined to cases, such as this one, "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

[4] In challenging the District Court's res judicata ruling, Jenkins mistakenly compares the claims against Appellee Young with the claims against the judges and declares that the merits, parties, and facts involved are different.  However, the comparison involved in the res judicata analysis is between the prior case against Young and the current claims against her.

4

Division noted that publication of statements in criminal complaints is absolutely privileged.  See Jenkins, 2012 WL 2030125 at *4 (citing Pitts v. Newark Bd. of Educ., 766 A.2d 1206, 1209 (N.J. Super. Ct. App. Div. 2001)).  Thus, even if they were not barred by res judicata, Jenkins's defamation claims based on Young's complaint of criminal harassment would fail.

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's judgment.